**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **VIRTUAL IMMERSION TECHNOLOGIES LLC,** | |
| **Plaintiff,** | **Civ. No. 6:20-cv-609** |
| **v.** | |
| **BOOZ ALLEN HAMILTON INC.** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Virtual Immersion Technologies LLC ("VIT" or "Plaintiff"), by and through its attorneys, hereby alleges for its Complaint on personal knowledge as to its own activities and on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**THE PARTIES**

2.    Plaintiff Virtual Immersion Technologies LLC is a limited liability company organized under the laws of the State of Texas.

3.    VIT is the current assignee of United States Patent No. 6,409,599 ("the '599 patent" or "the patent-in-suit.")  On June 25, 2002, the United States Patent and Trademark Office duly and legally issued the '599 patent.  The '599 patent is titled "Interactive Virtual Reality Performance Theater Entertainment System."  The application leading to the '599 patent

- 1 -

was filed on July 19, 1999.  A true and correct copy of the '599 patent is attached hereto as Exhibit A.

4.      On or around February 24, 2016, VIT acquired 100% ownership of all right, title and interest in the patent-in-suit, including the right to bring patent enforcement actions for damages accruing prior to February 24, 2016.  The assignment to VIT of ownership of the patent-in-suit was recorded with the United States Patent & Trademark Office ("PTO") on or around August 26, 2016.

5.      Defendant Booz Allen Hamilton Inc. ("Booz Allen") is a corporation organized and existing under the laws of Delaware, with its principal place of business at 8283 Greensboro Drive, Hamilton Building, McLean, VA 22102, and a regular and established place of business at 701 Brazos Street, Suite 800, Austin, TX 78701.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.  Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§ 1331 and 1338(a).

7.      Regarding Defendant Booz Allen, venue is proper within this District under 28 U.S.C. § 1400(b) because, on information and belief, Booz Allen maintains a regular and established place of business in this District and has committed infringing acts in this District.

8.      Upon information and belief, Booz Allen is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Texas and this District, pursuant to due process and/or the Texas Long-Arm Statute, because Defendant Booz Allen purposefully availed itself of the privileges of conducting business in the State of Texas and in this District, because Booz Allen regularly conducts and solicits business within the State of Texas and within this District, and because Plaintiff's causes of action arise

directly from Booz Allen's business contacts and other activities in the State of Texas and this

District.  Having purposefully availed itself of the privilege of conducting business within this

District, Booz Allen should reasonably and fairly anticipate being brought into court here.

9.      Upon information and belief, Defendant Booz Allen maintains at least one regular

and established place of business in this District: at least part or all of a regional office (the

"Austin Facility.")  The Austin Facility is located at 701 Brazos Street, Suite 800, Austin, TX

78701, within Travis County in this District.

10.      Currently, the Austin Facility is publicly associated with Booz Allen.  (Source:

https://www.boozallen.com/tools/utility-navigation-pages/office-locations.html and

https://www.boozallen.com/e/insight/blog/bah-finds-innovation-and-inspiration-in-austin.html,

last accessed and downloaded July 6, 2020.)  Based at least on these facts, the Austin Facility in

Austin, Texas is believed to be a regular and established place of business that is associated

directly with Booz Allen.

11.      Booz Allen has committed and continues to commit acts of infringement within

the state of Texas, as alleged herein.  The Austin Facility has many employees and continues to

expand the number of employees.  (Source: *See*

https://careers.boozallen.com/locations/us/Austin%2C%20TX, last accessed and downloaded

July 6, 2020) (listing open job positions at the Austin Facility.)

12.      Booz Allen is utilizing virtual reality to "allow[] users to achieve goals faster,"

and "make smarter, faster decisions to improve performance and yield better, more efficient

outcomes."  (Source: https://www.boozallen.com/expertise/analytics/immersive-experience.html,

last accessed and downloaded July 6, 2020.)  For example, Booz Allen realizes these benefits

through the use of its VR/AR headsets which has virtual reality functionality.  (Source: *See id.*;

and *see also* https://www.boozallen.com/s/multimedia/biological-safety-cabinet-vr-training.html;

https://www.boozallen.com/d/insight/thought-leadership/human-performance-training-for-

military-missions.html; and https://www.boozallen.com/s/insight/publication/guide-to-

immersive-technology.html; all last accessed and downloaded July 6, 2020.)  On information and

belief, Booz Allen uses and develops these virtual reality technologies within the state of Texas

and this District.  (Source: *See* https://www.boozallen.com/e/insight/blog/innovating-cyber-for-

the-nation-in-texas.html; https://www.boozallen.com/s/insight/blog/introducing-the-center-for-

defense-innovation.html; https://www.boozallen.com/s/multimedia/keeping-austin-creative-at-

capital-factory.html; and https://www.boozallen.com/e/insight/blog/the-nexus-of-innovation-

and-government-in-austin.html, last accessed and downloaded July 6, 2020.)

      13.    As previously stated, Defendant currently uses virtual and augmented reality

systems.  (Source: *see* https://www.boozallen.com/expertise/analytics/immersive-

experience.html, last accessed and downloaded July 6, 2020.)  This technology includes an

immersive virtual reality environment where participants and live performers can interact with

each other and the environment via input and output devices for the performers and the

participants.  (*See* VIT's Claim Chart for claim 9 of the '599 patent, Ex. B at 1-12.)

      14.    As detailed in the paragraphs below, Defendant utilizes a virtual reality system

and practice method for participants and performers to interact in an immersive virtual reality

environment, which meets all the features of the asserted claim.  (*Id.* at 1-12.)

      15.    The Defendant's method includes providing at least one performer input and

output devices in electronic communication with the virtual environment and one or more

participant input and output devices in electronic communication with the virtual environment.

(*Id.* at 3-10.)

16.     Defendant's method provides the virtual environment, which includes a video image of one or more live performers with audio communication between the one or more live performers and one or more participants.  (*Id.* at 10-11.)

17.     In the Defendant's method, the one or more participants interact with the one or more live performers and the virtual environment resulting in an experience partially controlled by the one or more participants using an input device.  (*Id.* at 11-13.)

18.     Defendant has derived substantial revenues from its infringing acts, including those of Booz Allen occurring within Texas, including in this District.

19.     Booz Allen is subject to the Court's personal jurisdiction at least due to its utilization of the virtual reality system within Texas, including in this District.

20.     Booz Allen has committed such purposeful acts or transactions in Texas and this District such that it reasonably should know and expect that it could be haled into court in this State because of such activities.

21.     As detailed in the paragraphs below, Booz Allen supports the creation, maintenance and utilization of an immersive virtual reality system and practice method, which permits live performers and participants to interact with each other and the environment in the United States, including those infringing actions of Booz Allen occurring within the state of Texas, including in this District.

22.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

23.     Venue is proper in this district under 28 U.S.C. § 1400(b) with respect to Defendant Booz Allen.  Defendant Booz Allen maintains a regular and established place of business in this District and has committed infringing acts in this District.

24.     For the above reasons, personal jurisdiction exists and venue is proper in this Court for Defendant.

## COUNT I
## PATENT INFRINGEMENT OF UNITED STATES PATENT NO. 6,409,599

25.     Plaintiff incorporates the above paragraphs herein by reference.

26.     The '599 patent relates to a system and practice method in which participants interact with a computerized environment in addition to live and/or pre-recorded performers. (*See* Ex. A at 1:20-23.)[1]  The '599 patent describes and enables immersive interactive virtual reality computer systems in which participants interact with a virtual reality environment and live performers using a variety of immersion and input devices."  (*Id.* at 1:23-26.)

27.     The claims of the '599 patent are directed to tangible embodiments.  Claim 1, for example, is a system claim, which clearly requires a computer operating software and several input/output devices in electronic communication with an immersive virtual reality environment. (*Id.* at 16:6-22.)  Claim 2, for example, expressly recites a processing device and a network connecting the processing device with at least some of the input/output devices.  (*Id.* at 16:39-46.)

28.     The claims of the '599 patent are directed at providing a unique computing solution that addresses a problem particular to computerized virtual reality systems—providing an immersive interactive virtual reality system in which there exists three-way communication among and between participants, live performers and the virtual reality environment.  (*Id.* at 3:24-27.)

---

[1] Citations to patents in this Complaint refer to columns and lines within columns of any cited patent.  For example, the citation referenced by this footnote refers to column 1, at lines 20 through 23, in the '599 patent.

29.     Providing an immersive interactive virtual reality system with three-way communication in the manner claimed in the '599 patent solved new challenges over the techniques and systems known in the art at the time.  Thus, the claims of the '599 patent contain inventive concepts, being both novel and unconventional, which are sufficient to render the '599 patent claims to be patent-eligible.

30.     Prior to the priority date of the '599 patent, in systems, such as traditional virtual reality systems, figures or objects not controlled by participants moved autonomously or, if a participant had an opportunity to interact with such objects in the virtual reality environment, the objects were limited to computer generated images and not live performers.  (*Id.* at 1:57-67.)

31.     Groups of participants have been entertained by graphically enhanced performers on stage or television.  However, these instances occurred through non-immersion mediums without the enhancements of immersion-type devices or methods.  (*Id.* at 2:5-9.)

32.     Early entertainment systems, which allowed participants to interact with a host and an environment using some input device, did not operate within an immersive virtual reality environment and therefore lacked its immersive effects and their impact on participants.  (*Id*. at 2:40-47.)

33.     The '599 patent overcame these disadvantages by, for example, describing and enabling a system and method for delivering information "which provides three-way immersive interactive communication amongst and between" participants, an immersive environment and live performers.  (*Id.* at 2:55-57.)

34.     The inventors of the claimed invention in the '599 patent changed the focus from an interaction between individual participants and computer-generated graphical objects within a virtual reality environment to a three-way communication amongst and between participants, live

or pre-recorded performers, and an immersive virtual reality environment.  (*Id.* at 3:11-17.)
The inclusion of three-way communication results in a synergistic effect, which creates an
unparalleled experience.  (*Id.* at 3:18-22.)

35.     Furthermore, the claimed invention of the '599 patent represents an intrinsic
improvement to the underlying computer technology involved.  The claimed system includes a
variety of audio and video components.  (*See, e.g.,* claim 1 of the '599 patent.)  The variety of
audio and video components enable innovative mixing and switching techniques which allows
the system to present to each of the participants a virtual reality environment in which a live
representation of the performers is superimposed within the environment.  (*Id.* at 4:5-9.)  The
participants are able to view and interact with a novel display of both graphical data and live
representations for an exciting experience.  (*Id.* at 4:9-12.)

36.     The inventors of the '599 patent took considerable personal risks to nurture and
prove out the technology systems described in the '599 patent, contributing substantially to
today's virtual reality industry explosion.

37.     The inventors of the '599 patent have utilized the technology described by the
'599 patent for more than ten years, shipping virtual reality systems to five continents and
entertaining or educating an estimated 30 million people worldwide with their immersive virtual
reality live theater attractions and promotions.

38.     The virtual reality theater technology created by the inventors has been
recognized and awarded on an international scale, the products winning "Best New Product" and
"Best of Show" at the International Association of Amusement Parks and Attractions global
convention in Atlanta in November 2000, and again for 'Best of Show' in 2002 in Orlando, as
well as national awards for graphics and creativity in the Print Media industry.  The products and

concepts have garnered dozens of feature articles in news media promoting clients and their products in a variety of industries.

39.     The inventors of the '599 patent continue to have a direct interest in activities related to the '599 patent, working closely with Plaintiff to identify and evaluate entities making use of the technology claimed by the '599 patent without permission or license thereto.

40.     The inventions of the '599 patent resolve technical problems related to virtualized interactive technology.  For example, the inventions allow parties to interact in a virtual environment in real time with one or more live performers and participants, which, on information and belief, is exclusively implemented using computer technology.

41.     The claims of the '599 patent do not merely recite the performance of some method known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '599 patent recite inventive concepts that are rooted in computerized virtual reality technology, and overcome problems specifically arising in the realm of computerized virtual reality technologies.

42.     The claims of the '599 patent recite an invention that is not merely the routine or conventional use of computerized communication technology.  Instead, the invention makes it possible to interact with one or more live performers and/or participants in a virtualized environment, which does not require the physical presence of either the one or more performers, or participants in order for such interactions to take place.  The '599 patent claims thus specify how communication input, output, and system devices are manipulated to yield a virtual, interactive experience controlled in part by one or more participants.

43. The technology claimed in the '599 patent does not preempt all ways of using interactive communications technology, nor preempt the use of any well-known communications technology, nor preempt any other well-known or prior art technology.

44. The '599 patent claims are not directed to any "method of organizing human activity," "fundamental economic practice long prevalent in our system of commerce," nor are any of the claims "a building block of the modern economy."

45. The '599 patent does not take a well-known or established business method or process and "apply it to a general purpose computer." Instead, the specific systems and processes described in the '599 patent have no direct corollary to a process that predates the advent of the Internet.

46. The '599 patent claims are directed toward a solution rooted in computer technology and uses technology, unique to computers and networks, to overcome a problem specifically arising in the realm of computerized virtual reality technologies.

47. The '599 patent claims are not directed at a mere mathematical relationship or formula.

48. The '599 patent claims cannot be performed by a human, in the human mind, or by pen and paper.

49. Accordingly, each claim of the '599 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

50. Upon information and belief, Booz Allen directly infringes and continues to directly infringe at least claim and 9 of the '599 patent, in the United States, under 35 U.S.C. § 271(a) by making, using, selling, offering to sell, importing and/or providing and/or causing to

be used an interactive, real time, virtual reality systems system and its practice method (*See* Booz

Allen is utilizing virtual and augmented reality to benefit from the ability to "allow[] users to

achieve goals faster," and "make smarter, faster decisions to improve performance and yield

better, more efficient outcomes."  (Source:

https://www.boozallen.com/expertise/analytics/immersive-experience.html, last accessed and

downloaded July 6, 2020.), along with related systems and software for access and use of such

systems and methods (the "Accused Instrumentalities") as in claim 9 of the '599 patent.  (*See*

VIT's Claim Chart for claim 9 of the '599 patent, Ex. B at 1-12.)

      51.     On information and belief, Defendant is a for-profit organization with revenues of

approximately $6 billion U.S.D. per year.  Moreover, Defendant, its employees and/or agents

make, use, sell, offer to sell, import and/or provide and/or cause to be used the Accused

Instrumentalities for Defendant's partners and customers, leading to direct or indirect revenues

and profit.  As one example of indirect profit, Booz Allen utilizes the system to reduce costs by

increasing the speed of design and project time.  On information and belief, without the

availability of infringing tools such as the Accused Instrumentalities, Defendant would be at a

disadvantage in the marketplace and would generate less revenue and profit overall.

      52.     In particular, claim 9 of the '599 patent generally recites a method of providing

interactive communications between participants and performers comprising the steps of

providing an immersive virtual reality environment; providing performer and participant input

and output devices in communication with the immersive virtual reality environment; having the

live performer interact with the participant and immersive virtual reality environment by

including a live or prerecorded image of the live performer and audio communication between

the live performer and the participant or between the participant and live performer or both;

having the participant interact with the live performer producing an experience controlled by the participant and participant input device.  (*Id.* at 3-12.)

53.     Booz Allen provides a method of providing interactive communications between participants and performers.  (*Id.* at 3-4.)

54.     The method provided by Booz Allen includes providing an immersive virtual reality environment.  (*Id.* at 5-6.)

55.     Booz Allen's method also includes providing at least one performer input device in electronic communication with said immersive virtual reality environment.  (*Id.* at 6-7.)

56.     Booz Allen's method further includes providing at least one participant input device in electronic communication with said immersive virtual reality environment.  (*Id.* at 7.)

57.     Additionally, Booz Allen's method includes providing at least one performer output device in electronic communication with said immersive virtual reality environment.  (*Id.* at 8.)

58.     Defendant's method also includes providing at least one participant output device in electronic communication with said immersive virtual reality environment.  (*Id.* at 9-10.)

59.     The method provided by Booz Allen also includes having at least one live performer interact with at least one participant and said immersive virtual reality environment, by including with said virtual reality environment a live or prerecorded video image of said at least one live performer and audio communication between said at least one live performer and said at least one participant, or between said at least one participant and said at least one live performer, or both.  (*Id.* at 10-11.)

60.     Booz Allen's method also includes having at least one participant interact with at least one such live performer and said immersive virtual reality environment, thereby resulting in

an experience which is in part controlled by said at least one participant and said at least one participant input device. (*Id.* at 11-12.)

61.     Defendant was made aware of the '599 patent and its infringement thereof at least as early as the filing and service of this Complaint. Despite Plaintiff's notice to Booz Allen by this Complaint regarding the '599 patent, the Defendant continues to infringe the '599 patent.

62.     Upon information and belief, since at least the time it received notice by this Complaint, Booz Allen's infringement has been and continues to be willful.

63.     Plaintiff VIT has been harmed by each of Booz Allen's infringing activities with respect to the '599 patent.

64.     VIT reserves the right to modify its infringement theories as discovery progresses in this case. It shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts it provides with this Complaint. VIT intends the claim chart (Exhibit B) for the '599 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not VIT's preliminary or final infringement contentions or preliminary or final claim construction positions.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '599 patent;

B.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for Defendant's past infringement of the '599 patent, and any continuing or future infringement

through the date such judgment is entered, including interest, costs, expenses and an accounting

of all infringing acts including, but not limited to, those acts not presented at trial;

      C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of

Plaintiff's reasonable attorneys' fees; and

      D.     An award to Plaintiff of such further relief at law or in equity as the Court deems

just and proper.


Dated: July 6, 2020                 DEVLIN LAW FIRM LLC

                                  */s/ Alex Chan*
                                    Alex Chan (Texas Bar No. 24108051)
                                    achan@devlinlawfirm.com
                                    Timothy Devlin (*pro hac vice* to be filed)
                                    tdevlin@devlinlawfirm.com
                                    Patrick R. Delaney (*pro hac vice* to be filed)
                                    pdelaney@devlinlawfirm.com
                                    Cory Edwards (*pro hac vice* to be filed)
                                    cedwards@devlinlawfirm.com
                                    1526 Gilpin Ave.
                                    Wilmington, Delaware 19806
                                    Telephone: (302) 449-9010
                                    Facsimile: (302) 353-4251

                                    *Attorneys for Plaintiff*
                                    *Virtual Immersion Technologies LLC*